IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN,<br><br>    Petitioner,<br><br>vs.<br><br>MIKE MYERS,<br><br>    Respondent. | 8:24CV439<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for initial review of Petitioner Arthur T. Griffin's ("Griffin" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Filing No. 1. For the reasons that follow, Griffin's petition shall be dismissed without prejudice.

Griffin alleges he is challenging a judgment of conviction for disorderly conduct entered by the County Court of Douglas County, Nebraska, in "24CR17434." Filing No. 1 at 1. Griffin's state court records in *State v. Arthur J. Griffin Jr.*, Case No. CR24-17434, County Court of Douglas County, Nebraska, available to this Court online,[1] show that a criminal complaint was filed in Douglas County Court Case No. CR24-17434 on October 15, 2024, charging Griffin with false reporting, a Class I misdemeanor, and disorderly conduct in violation of the Omaha Municipal Code. On October 17, 2024, Griffin entered a no contest plea to false reporting, the prosecution dismissed the disorderly conduct charge, and the state county court sentenced Griffin to 90 days in jail for false reporting

---

[1] The Court takes judicial notice of the state court records related to this case in *State v. Arthur J. Griffin Jr.*, Case No. CR24-17434, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

with credit for 3 days served. Griffin filed a motion in "arrest of judgment" in the state county court, see Id. at 3, which the court denied, but Griffin did not file a direct appeal of his conviction nor has he filed a motion for postconviction relief. Griffin filed his habeas petition in this Court on November 12, 2024, alleging as the only ground for relief "county court misdemeanor one yrs or less." Id. at 5 (punctuation omitted).

Griffin's § 2254 habeas petition was obviously filed prematurely, and it is apparent that he has not exhausted any of his available state court remedies. As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief.  *Id*. at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  See *Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254.  As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, Griffin's allegations set forth in the Petition and Griffin's state court records clearly establish that he did not exhaust his available state court remedies *before* filing his habeas case in this forum.  Consequently, Griffin's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court.  *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Griffin does not allege, nor can it reasonably be claimed, that his habeas Petition is a "mixed" petition.  "The failure to do so categorically rules out relief under *Rhines* [*v. Weber*, 544 U.S. 269, 276 (2005)] since *Rhines* only involves cases with mixed petitions."  *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June

3

29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *Id*. Here it is clear Griffin has not exhausted any claims, therefore relief under *Rhines* is not available.

Even if the Court could exercise discretion to stay these proceedings pursuant to *Rhines*, a stay would not be appropriate in this case as Griffin's access to federal habeas review will not be prejudiced if this case is dismissed. As Griffin's conviction and sentence was entered October 17, 2024, the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) has not yet expired. Moreover, the Court finds a stay would not be warranted as Griffin has not stated a claim with the specificity necessary for habeas review, and thus has not presented a cognizable claim. *Castonguay v. Tecumseh Inst.*, No. 4:11CV3145, 2012 WL 1118420, at *4 (D. Neb. Apr. 3, 2012) (citing *McDonald v. Bowersox*, 101 F.3d 588, 596 (8th Cir.1996) (holding that the bare assertion of an Eighth Amendment violation failed to state a cognizable claim)). Griffin's vague statement of "county court misdemeanor one yrs or less," Filing No. 1 at 5 (punctuation omitted), as his sole ground for habeas relief does not set forth a cognizable habeas claim.

Based on the foregoing, Griffin's habeas Petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies and for failure to set forth a cognizable claim for habeas relief.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85

4

(2000). The Court has applied the appropriate standard and determined that Griffin is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

3. Griffin's pending motions, Filing No. 6; Filing No. 7; Filing No. 8; Filing No. 9; Filing No. 10; Filing No. 11; Filing No. 12; Filing No. 14, are denied as moot.

Dated this 3rd day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge